1  **MLIM**
J. MITCHELL COBEAGA, ESQ.
2  Nevada Bar No. 0177
THE COBEAGA LAW FIRM
3  550 East Charleston Blvd. Suite D
Las Vegas, Nevada 89104
4  Telephone: (702) 240-2499
Facsimile: (702) 240-2489
5  *Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUSIE LEAHY, individually and SUSIE LEAHY AS GUARDIAN AD LITEM FOR REBECCA SUSAN LEAHY, a minor, HANNAH JOY LEAHY, a minor, and WILLIAM JOHN LEAHY, III, a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> LONE MOUNTAIN AVIATION, INC., a corporation; and DOES 1 through 20, inclusive, <br><br> Defendants | CASE NO: 2:10-CV-00082-GMN-PAL <br><br> **DEFENDANT LONE MOUNTAIN AVIATION, INC.'S MOTION IN LIMINE TO INTRODUCE EVIDENCE OF PLAINTIFF LEAHY'S REMARRIAGE.** |

Defendant LONE MOUNTAIN AVIATION, INC., by and through its counsel of record, J. MITCHELL COBEAGA, ESQ. of the law firm, THE COBEAGA LAW FIRM, hereby submits its Motion in Limine to introduce evidence of Plaintiff SUSIE LEAHY-HERR's remarriage and name change.

This Motion is made and based on the attached Memorandum of Points and Authorities, all pleadings and papers on file herein and any oral argument this Court may entertain.

DATED this 25TH day of January, 2013.

THE COBEAGA LAW FIRM

*/s/ J. Mitchell Cobeaga/*
J. MITCHELL COBEAGA, ESQ.
Nevada Bar No. 0177
550 E. Charleston Blvd., Suite D
Las Vegas, NV 89104
Attorney for Defendant

Page 1 of 7

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant LONE MOUNTAIN brings the instant Motion, pursuant to FRE 401-403, seeking a determination from the court regarding the admissibility of Plaintiff LEAHY-HERR's remarriage and name change where she is seeking to prove damages arising out of loss of support, companionship, etc. The substantive right to damages for this wrongful death action arises statutorily under NRS 41.085(4), which states that decedent may be awarded pecuniary damages for "grief or sorrow, loss of probable support, companionship, society, comfort and consortium..."

### I.

### FACTUAL AND PROCEDURAL OVERVIEW

This case arises out of the crash of a small twin engine aircraft on August 28, 2008, near the North Las Vegas Airport. The aircraft was piloted by William Leahy, the decedent in this case. William Leahy had married co-plaintiff Mrs. Susan Leahy-Herr on June 17, 1995. At the time of the accident, Mrs. Leahy-Herr worked for Veritas Christian Academy and continued working there to support her three children following the crash. (Depo of Susan Leahy Herr, P.7, 22)

Mrs. Leahy-Herr met her current husband on Christianmingle.com in May of 2009. Mrs. Leahy-Herr married Brian Herr on May 22, 2010, and they have subsequently had a son together. Around the time of her remarriage, Mrs. Leahy-Herr quit her job at Veritas Christian Academy to become a full-time mother and housewife. The time between the crash and Mrs. Leahy-Herr's remarriage was less than two years. Mr. Herr is gainfully employed in a managerial position and supports Mrs. Leahy-Herr.

Mrs. Leahy-Herr is seeking, inter alia, to be compensated "3. For loss of service and support according to proof; 4. For loss of care, comfort and society according to proof."

///
///
///
///
///

## II.
## STANDARD OF REVIEW

Motions in limine are designed to seek the Court's ruling on the admissibility of arguments, assertions and evidence in advance of trial. Motions in limine are the traditional vehicle for determining the admissibility of evidence and for pre-determination of the relevance of testimony or evidence. The admissibility of evidence at trail is generally governed by FRE 401, 402 and 403.

**FRE 402 General Admissibility of Relevant Evidence:** Relevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible.

**FRE 403 Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons:** The court may exclude relevant evidence if its probative value: is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

## III.
## LEGAL ARGUMENT

A wrongful death claim is purely a creature of statute since no such cause of action was recognized under the common law of any state. See *Hall v. Gillins,* 13 Ill.2d 26, 147 N.E.2d 352 (Ill. 1958) (Where the court explained the history of wrongful death statutes and denied damages not expressly authorized by the statute). Accordingly, a wrongful death claim tried in Nevada and arising from an accident occurring in Nevada is limited by the domestic wrongful death statute. That statute is NRS 41.085(4), which delineates authorized damages and reads in part:

> 4. The heirs may prove their respective damages in the action ... and the court or jury may award each person pecuniary damages for the person's grief or sorrow, loss of probable support, companionship, society, comfort and consortium...

Mrs. Leahy-Herr's remarriage is ultra-relevant here because it has an extremely strong tendency to make those facts applicable to Mrs. Leahy-Herr's damages "more or less probable," such as probable loss of support, companionship, etc. FRE 401.

///

Federal statutes or other rules prescribed by the Supreme Court do not exclude this evidence under FRE 402. Accordingly, unless the probative value of such evidence were substantially outweighed by one of the factors listed in FRE 403, the evidence of Mrs. Leahy-Herr's remarriage is admissible.

The Nevada Supreme Court has not decided a case directly addressing the admissibility of remarriage. States which have ruled on this issue have done so according to the damages and requisite proof under their domestic wrongful death statute. The Illinois statute, for instance, is more expansive and allows that "the jury may give such damages as they deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, including damages for grief, sorrow, and mental suffering to the surviving spouse..." 740 ILCS 180/2.

The Courts of Appeals in Illinois opine that when a surviving spouse claims damages for loss of support, comfort and society, their remarriage signifies they are no longer at a loss for those elements and the amount of damages should be reduced. *Dotson v. Sears, Roebuck & Co.*, 557 N.E.2d 392, 394 (Ill. App. Ct. 1990). They further hold that "evidence of remarriage [is] relevant to a claim for loss of consortium because recovery [is] therefore limited to 'actual loss,' *i.e.*, 'loss up to the time of the remarriage.'" *Id.* (citing *Carter v. Chicago & Ill. Midland Ry.*, 474 N.E.2d 458, 463 (Ill. App. Ct. 1985)).

In a wrongful death case in Mississippi, the court expressed similar reasoning. Testimony is proper to show the condition of the affected person, so it follows that "testimony may be introduced to show the remarriage of the widow, after the death of the husband." *Campbell v. Schmidt*, 195 So. 2d 87, 90 (Miss. 1967). The Fifth Circuit agreed in upholding a charge to the jury that when assessing damages sustained by the surviving wife, the jury may take into account her remarriage and its effect on damages she might otherwise be able to recover. *Nowell v. Universal Elec. Co.*, 792 F.2d 1310, 1313 (5th Cir. 1986). Wisconsin agreed, stating: "[t]he possibility of remarriage is always an element which it is proper for the jury to consider in determining damages in a wrongful death action." *Jensen v. Heritage Mut. Ins. Co.*, 127 N.W.2d 228, 234 (Wis. 1964).

Defendant concedes that Plaintiff Leahy-Herr suffered loss of comfort and support when her husband died on August 28, 2008. However, actual damages were mitigated when Plaintiff Leahy remarried on May 22, 2010. Once Sarah Leahy-Herr married Mr. Herr, she was no longer at a loss for support, comfort and society. Plaintiff may allege that damages should be calculated from the date of the injury and therefore evidence of her remarriage is irrelevant. A basic tenet of tort law says that one should only recover for injuries one actually suffers or is reasonably likely to suffer. A remarried plaintiff is no longer without the support, care, and comfort of a spouse. As such, those damages ceased at the time of the remarriage. *See, Carter*, 474 N.E.2d at 463. As Mrs. Leahy-Herr is seeking damages for loss of comfort and support, it is only proper to introduce evidence of how these damages were affected by Plaintiff's remarriage.

Even if evidence of remarriage were not allowed to mitigate damages, it would still be allowed to correct misimpressions created by the plaintiff. *See Elmahdi v. Ethridge*, 987 S.W.2d 366, 369 (Mo.App.1999) ("a defendant may mention the fact of the plaintiff's remarriage, although not the details about the new spouse's income or services, if necessary in order to correct a misimpression created by the plaintiff."). This is particularly true when, as here, the surviving spouse has changed her name as a result of the remarriage and quit her job to become a full-time homemaker. Withholding evidence of a remarriage from the jury "would not be consistent with the high standards of integrity which the judicial process should maintain." *Glick v. Allstate Ins. Co.*, 435 S.W.2d 17 (Mo. Ct. App. 1968); *see also, Harbenski v. Upper Peninsula Power Co.*, 325 N.W.2d 785 (Mich. Ct. App. 1982); *Dubil v. Labate*, 245 A.2d 177, 180 (N.J. 1968) ("[i]t would be offensive to the integrity of the judicial process if the plaintiff, after taking an oath to be truthful, were permitted to misrepresent her marital status to the jury"); and *Smyer v. Gaines*, 332 So. 2d 655 (Fla. App. 1976) (evidence of remarriage allowed to show the whole truth). Even if such evidence were not permitted during *voir dire* or opening statements, evidence of Mrs. Leahy-Herr's subsequent remarriage should be admitted to correct any affirmative misrepresentations by plaintiff. If Mrs. Leahy-Herr were to misrepresent her name, amount

of children, or that she is a single mother struggling to support her family, such evidence should be admitted to prevent a fraud on the jury. Allowing Ms. Leahy to conceal evidence and use her former name would equate to perjury. *See, Watson v. Fischback*, 301 N.E.2d 303 (Ill. 1973).

### III.
### CONCLUSION

This Court should follow the rules established by the foregoing courts and allow the introduction of evidence of Susan Leahy's remarriage to Brian Herr. By purposely keeping this fact from the jury the integrity of the court would be jeopardized. The jury should be introduced to all relevant evidence of damages. If Plaintiff Susan Leahy-Herr is to be awarded damages for loss of support, society and comfort, the jury should be able to make a determination as to what those damages were and what future damages are likely to be, not what they could have potentially been.

DATED this 25TH day of January, 2013.

THE COBEAGA LAW FIRM

J. MITCHELL COBEAGA, ESQ.
Nevada Bar No. 0177
550 E. Charleston Blvd., Suite D
Las Vegas, NV 89104
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of February, 2013, I caused to be served a true and correct copy of the foregoing DEFENDANT LONE MOUNTAIN AVIATION, INC.'S MOTION IN LIMINE TO INTRODUCE EVIDENCE OF PLAINTIFF LEAHY'S REMARRIAGE by electronic service (via Case Management/Electronic Case Filing).  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Patrick E. Bailey, Esq.
Keith A. Lovendosky, Esq.
BAILEY & PARTNERS
2800 28th Street, Suite 200
Santa Monica, CA 90404-6203
Fax: (310) 392-8091

James L. Pocrass, Esq.
JAMES L. POCRASS LAW CORPORATION
1875 Park East, Suite 1750
Los Angeles, CA 90067
Fax: (310) 550-9051

Jim Oronoz, Esq.
LAW OFFICE OF JIM ORONOZ
815 S. Casino Center Blvd.
Las Vegas, NV 89101
Fax: (702) 474-1320

DATED this 25TH day of February, 2013.

_____
An Employee of The Cobeaga Law Firm

H:\OPEN CASE FILES\1136.005\Pleadings\MILM REMARRIAGE - 2.wpd

THE COBEAGA LAW FIRM
ATTORNEYS & COUNSELORS AT LAW
550 East Charleston Blvd., Suite D
Las Vegas, Nevada 89104
Tel (702) 240-2499
Fax (702) 240-2489