PATRICK E. BAILEY (CA SBN 86875)
KEITH A. LOVENDOSKY (CA SBN 94302)
BAILEY & PARTNERS
A Professional Corporation
2800 28th Street, Suite 200
Santa Monica, California 90405
Telephone:	(310) 392-5000
Facsimile:	(310) 392-8091
Email:	pbailey@baileypartners.com
	klovendosky@baileypartners.com

JAMES L. POCRASS (CA SBN 58033)
JAMES L. POCRASS LAW CORPORATION
1875 Century Park East, Suite 1750
Los Angeles, California  90067
Telephone:	(310) 550-9050
Facsimile:	(310) 550-9051
Email:	jpocrass@pocrass.com

JIM ORONOZ (NV SBN 6769)
ORONOZ ERICSSON LLC
700 South Third Street
Las Vegas, Nevada  89101
Telephone:	(702) 878-2889
Facsimile:	(702) 522-1542
Email:	jim@oronozlawyers.com

Attorneys for Plaintiffs SUSIE LEAHY, REBECCA SUSAN
LEAHY, HANNAH JOY LEAHY and WILLIAM JOHN
LEAHY, III

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SUSIE LEAHY, *et al.*,<br><br>                                    Plaintiffs,<br><br>         vs.<br><br>LONE MOUNTAIN AVIATION, INC., *et al.*,<br><br>                                    Defendants. | Case No. 2:10-CV-00082-GMN-(PAL)<br><br>**PLAINTIFFS' MOTION *IN LIMINE* NO. 4 TO PRECLUDE ANY REFERENCE TO PLAINTIFF SUSIE LEAHY'S REMARRIAGE** |

Plaintiffs move this court for an order *in limine* precluding Defendant Lone Mountain Aviation, Inc. from referencing or information the jury that plaintiff Susie Leahy, following the death of decedent William Leahy, Jr., remarried.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

After the death of William Leahy, Jr. on August 28, 2008, plaintiff Susie Leahy remarried and is now residing in another part of the State of California with her new husband and their children.

Plaintiffs wish to prevent Lone Mountain Aviation, Inc. from making any reference or comment to the jury relating to the fact of Susie Leahy's remarriage.

### II.    POINTS AND AUTHORITIES IN SUPPORT OF MOTION

Federal Rules of Evidence Rule 401 states that evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.

The fact of remarriage is not relevant to any of the issues set forth in the pleadings filed by either plaintiffs or Lone Mountain Aviation, Inc. in this case.

Federal Rules of Evidence Rule 403 states:  "The court may exclude relevant evidence if its probative value is substantially outweighed by danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Nothing in the wrongful death statute authorizing this claim by plaintiffs against Lone Mountain Aviation, Inc. in Nevada indicates that a defendant would have any right to reference remarriage in a wrongful death action.  The only reason Lone Mountain Aviation, Inc. would want to reference such a fact is with the hope of stimulating a jury to award less damages for economic losses to plaintiff and her children.

No discovery has been accomplished by Lone Mountain Aviation, Inc. relating to any of the background facts as to plaintiff's remarriage, including her present financial situation. Plaintiff Susie Leahy is entitled to pursue the full array of damages in her wrongful death action against Lone Mountain Aviation, Inc.  Plaintiff has not located any appellate case in Nevada that has addressed whether evidence of remarriage is admissible in a wrongful death action such as this, but the vast majority of state courts in other jurisdictions have held that such evidence is inadmissible.

It has generally been held that in an action for wrongful death of a married person, evidence of the surviving spouse's remarriage is irrelevant on the question of mitigation of damages and not admissible in evidence when offered for that purpose.  Courts have widely held and recognized this rule.

For example, in *Hing v. Youtsey*, 10 Ariz. App. 540, 460, P.2d 646 (1969), evidence of remarriage was not admissible in a wrongful death action as it related to damages.  In *State v. Cress*, 22 Ariz. App. 490 528, P.2d 876 (1974), the court agreed with the approach used in California and Rhode Island about not disclosing the relationship of a remarried spouse.  Even though the court recognized that there were two opposing objections, namely prohibition of the jury's consideration of remarriage and informing the jury that a second marriage did exist, the court believed that the majority rule, such as that established by California in *Benwell v. Dean,* 249 Cal. App. 2d 345, 57 Cal. Rptr. 394 (1967), was the more appropriate one.  The rationale underlying the majority rule, with which California is in accord, is that the cause of action arises at the time of decedent's death and damages are determinable at that time.  Any rule providing for mitigation of damages on account of a surviving spouse's remarriage is highly speculative because it involves a comparison of the prospective earnings and contributions of the deceased spouse with those of the new one.  It would also permit a tortfeasor to profit by an actual remarriage of the widow.

Evidence that a widow has remarried (or has marital prospects) was inadmissible to minimize damages in a wrongful death case in Texas. (*Bailey v. Southern Pacific Transportation Company,* 613 F.2d 1385, 1388 (5th Cir. 1980).)

In *Wright v. Dilbeck*, 122 Ga. App. 214, 176, S.E.2d. 715 (1970), an action for wrongful death of a plaintiff's wife, it was held that Georgia would follow the majority rule when it held that the trial court did not commit an error in refusing to permit the defendant to prove that the plaintiff had remarried. In essence, the court stated that the subsequent marriage of the husband would not change the measure of damages to which he was entitled when his cause of action accrued. Also, it did not appear that the evidence of remarriage was necessary to explain or shed any light upon any other phase of the case.

Other state jurisdictions are in accord. (*Bunda v. Hardwick*, 376 Mich. 640, 138 N.W.2d 305 (1965); *Hightower v. Dr. Pepper Bottling Company*, 117, So. 2d 642 (L.A. App. 1959); *Randles v. Indiana Patients' Compensation Fund*, 860 N.E.2d 1212 (Ind. Ct. App. 2007); *Adams v. Davis*, 578 S.W.2d 899 (Ky. App. 1979); *Elmahdi v. Ethridge*, 987 S.W.2d 366 (Mo. Ct. App. WB 1999; *Burnhill v. Public Service Company*, 649 P.2d 716 (Colo. Ct. App. 1982); *Smyer v. Gaines*, 332 So. 2d 655 (Fla. Dist. Ct. App. 1976) [remarriage inadmissible to mitigate damage but allowing evidence of remarriage to provide whole truth under state's Amended Wrongful Death Act]; *Mulvey v. Illinois Bell Telephone Company*, 5 Ill. App. 3d 1057, 284 N.E. 2d 356 (1972), aff'd 53 Ill. App. 2d 591 [remarriage inadmissible for mitigation but did not bar the trial court from mentioning remarriage as it related to identification of parties during *voir dire*]; *Davis v. Liesenfeld*, 308 Minn. 1, 240 N.W.2d 548 (1976); *Haddigan v. Harkins* (1971, CA3d Pa.) 441 F.2d 844 [applying Pennsylvania law]; *Stuart v. Consolidated Foods Corp.*, 6 Wash. App. 841, 496 P.2d 527 (1972).)

There are some other jurisdictions that permit a defendant to produce evidence relating to remarriage in a wrongful death action. For example, in Ohio, a statute, part of the wrongful

death statutes in that state, specifically provides that a party to a civil action for wrongful death may present evidence that the surviving spouse of a decedent is remarried. (Ohio Revised Code § 2125.02(A)(3)(b)(iii).)

However, plaintiff asserts that that statutory Code section promulgated by the Ohio State Legislature represents a minority view with regard to the several states.

Plaintiff urges this court to adopt the majority rule and prohibit any evidence of plaintiff Susie Leahy's remarriage in the trial of this action.

## III.   CONCLUSION

Plaintiffs respectfully request that the court preclude Lone Mountain Aviation, Inc. from making any reference to plaintiff Susie Leahy's remarriage after the death of her husband, stemming from the airplane accident involved in this case.

DATED:     February 26, 2013          Respectfully submitted,

BAILEY & PARTNERS
A Professional Corporation

JAMES L. POCRASS LAW CORPORATION

LAW OFFICE OF JIM ORONOZ


By:_____/s/Keith A. Lovendosky_____
Attorneys for Plaintiffs SUSIE LEAHY, REBECCA SUSAN LEAHY, HANNAH JOY LEAHY and WILLIAM JOHN LEAHY, III

## **CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing, via electronic and/or first class mail, postage prepaid, on the following this 26th day of February, 2013:

J. Mitchell Cobeaga, Esq.
THE COBEAGA LAW FIRM
550 East Charleston Boulevard, Suite D
Las Vegas, Nevada  89104
Telephone:     (702) 240-2499
Facsimile:      (702) 240-2489
Email:           mcobeaga@cotomlaw.com
Attorneys for Defendant LONE MOUNTAIN AVIATION, INC.


     /s/Donna L. Simpson