J. MITCHELL COBEAGA, ESQ.
Nevada Bar No. 0177
THE COBEAGA LAW FIRM
550 East Charleston Blvd. Suite D
Las Vegas, Nevada 89104
Telephone: (702) 240-2499
Facsimile: (702) 240-2489
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SUSIE LEAHY, individually and SUSIE LEAHY AS GUARDIAN AD LITEM FOR REBECCA SUSAN LEAHY, a minor, HANNAH JOY LEAHY, a minor, and WILLIAM JOHN LEAHY, III, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>LONE MOUNTAIN AVIATION, INC., a corporation; and DOES 1 through 20, inclusive,<br><br>Defendants | CASE NO: 2:10-CV-00082-GMN-PAL<br><br>**DEFENDANT LONE MOUNTAIN AVIATION, INC.'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 4 TO PRECLUDE ANY REFERENCE TO PLAINTIFF SUSIE LEAHY'S REMARRIAGE** |

COMES NOW, Defendant LONE MOUNTAIN AVIATION, INC., by and through its counsel of record, J. MITCHELL COBEAGA, ESQ. of the law firm, THE COBEAGA LAW FIRM, hereby submits its Opposition to Plaintiffs' Motion in Limine No. 4 to Preclude Any Reference to Plaintiff Susie Leahy's Remarriage. In support of this Opposition, Defendant submits the following:

### MEMORANDUM OF POINTS AND AUTHORITIES

Defendant LONE MOUNTAIN brings the instant Opposition to Plaintiff's Motion, pursuant to FRE 401-403, seeking a determination from the Court regarding the admissibility of Plaintiff LEAHY-HERR's remarriage and name change where she is seeking to prove damages arising out of loss of support, companionship, etc. The substantive right to damages for this wrongful death action arises statutorily under NRS 41.085(4), which states that decedent may be awarded pecuniary damages for "grief or sorrow, loss of probable support, companionship,

society, comfort and consortium..."

## I.
## LEGAL ARGUMENT

I. **Compensatory damages are not meant to punish, so any perceived benefit to Lone Mountain of Mrs. Leahy-Herr's remarriage is irrelevant.**

Defendant incorporates by reference the points and authorities found in support of its Motion in Limine To Introduce Evidence of Plaintiff Leahy's Remarriage (Document No. 71).

In her Motion to Preclude Evidence of Remarriage, Plaintiff argues that evidence of remarriage should be precluded because "[i]t would ...permit a tortfeasor to profit by an actual remarriage of the widow." However, the Restatement (Second) of Torts plainly states:

> In determining the measure of compensation, indemnity or restitution, the law of torts ordinarily does not measure its recovery as do the rules based upon unjust enrichment, on the benefit received by the defendant. This first purpose of tort law leads to compensatory damages.
> Rest. (Second) of Torts §901, cmt. a.

The Nevada Courts generally follow the Restatement (Second) of Torts. *Gen. Motors corp. v. Eighth Judicial Dist. Court of State of Nev. ex rel. County of Clark*, 122 Nev. 466, 468, 134 P.3d 111, 113 (2006); *Allison v. Merck & Co., Inc.*, 110 Nev. 762769-70, 878 P.2d 948, 953-54 (1994); *Wyeth v. Rowatt*, 244 P.3d 765, 775-76 (Nev. 2010); *Butler ex rel. Biller v. Bayer*, 123 Nev. 450, 454, 168 P.3d 1055, 1059 (2007); *Nittinger v. Holman*, 119 Nev. 192, 195, 69 P.3d 688, 690 (2003); *Fink v. Oshins*, 118 Nev. 428, 433, 49 P.3d 640, 644 (2002). It is therefore appropriate to look to the Restatements for guidance when Plaintiff seeks to offer evidence of her lack of support following the death of her spouse.

The Restatement plainly describes how compensatory damages for pecuniary harm are calculated. A Court measures pecuniary damages "(a) before the tort, and (b) as they appear at the time of trial." Rest. (Second) of Trots § 906, cmt. a. It follows that evidence of Plaintiff's support from a spouse at time of trial is relevant to the computation of damages.

///

It is well established that "in tort law, the purpose of compensatory damages is to make the plaintiff whole by putting him in the same position as if the tort had not occurred." 59 U. Kan. Law. Rev. 231. This basic principle of damages has been proclaimed by the Supreme Court for well over a century. "As a general rule, the object of the law in awarding damages for civil injury ... is to put the plaintiff in the same position ... as he would have been had there been no injury..." *Milwaukee & St. P.R. Co. V. Arms*, 91 U.S. 489 (1875). See also *Birdsall v. Coolidge*, 93 U.S. 64 (1876) ("Compensatory damages and actual damages mean the same thing."); *Conn. Railway and Lighting Co. v. Palmer*, 59 S.Ct.316, 323 (1936) ("The damages recovered by an injured party have always been limited to his 'actual' damages.")

As regards Plaintiff's support from a spouse, Plaintiff is now in a similar position "as if the tort had not occurred." Accordingly, her actual damages as regards loss of support should be limited to the time she remained unmarried. Otherwise, Plaintiff and her new husband would be in a better position, rather than a similar position, than if the tort had not occurred.

II. **Defendant has accomplished sufficient discovery relating to Plaintiff's remarriage through her deposition on January 19, 2012.**

In her Motion to Preclude Evidence of Remarriage, Plaintiff states "No discovery has been accomplished by Lone Mountain Aviation, Inc., relating to any of the background facts as to Plaintiff's remarriage." This statement overlooks the deposition of Mrs. Leahy-Herr on January 19, 2012, in which she testified regarding the background facts of her new marriage and change of employment status as follows:

A. At the time of the accident, I was employed with Veritas Christian Academy, but I had just been employed, just started the job.

Q. And you left that job right after, you didn't stay there; correct?

A. No, I stayed there for two years, to support myself and the kids once he died. I had no means otherwise.

Q. Did you stop work - - would that be at or around the time you got remarried you stopped working?

A. Correct.

(Deposition of Susan Leahy-Herr, P. 70 attached hereto as Exhibit A)

Page 3 of 6

Mrs. Leahy-Herr provided testimony regarding her remarriage multiple times throughout the deposition. Accordingly, a material issue of fact exists as to actual damages for loss of support. Lone Mountain should be allowed to pursue this line of questioning during cross examination.

### III. Evidence of Remarriage should be admitted to impeach misimpressions created by the plaintiff.

Even if the jury were instructed that remarriage would not mitigate damages of loss of support, evidence of remarriage should still be allowed to correct misimpressions created by the Plaintiff. *See Elmahdi v. Ethridge*, 987 S.W.2d 366, 369 (Mo.App.1999) ("a defendant may mention the fact of the plaintiff's remarriage, although not the details about the new spouse's income or services, if necessary in order to correct a misimpression created by the Plaintiff."). This is particularly true when, as here, the surviving spouse has changed her name as a result of the remarriage and quit her job to become a full-time homemaker. Withholding evidence of a remarriage from the jury "would not be consistent with the high standards of integrity which the judicial process should maintain." *Glick v. Allstate Ins. Co.*, 435 W.2d 17 (Mo. Ct. App. 1968); *see also, Harbenski v. Upper Peninsula Power Co.*, 325 N.W.2d 785 (Mich. Ct. App. 1982); *Dubil v. Labate*, 245 A.2d 177, 180 (N.J. 1968) ("[i]t would be offensive to the integrity of the judicial process if the plaintiff, after taking an oath to be truthful, were permitted to misrepresent her marital status to the jury"); and *Smyer v. Gaines*, 332 So. 2d 655 (Fla. App. 1976) (evidence of remarriage allowed to show the whole truth). Even if such evidence were not permitted during *voir dire* or opening statements, evidence of Mrs. Leahy-Herr's subsequent remarriage should be admitted to correct any affirmative misrepresentations by Plaintiff. If Mrs. Leahy-Herr were to misrepresent her name, amount of children, or that she is a single mother struggling to support her family, evidence of her remarriage should be admitted to prevent a fraud on the jury. Allowing Mrs. Leahy-Herr to conceal evidence and use her former name would equate to perjury. *See, Watson v. Fishback*, 301 N.E.2d 303 (Ill. 1973).

///

## II.

## CONCLUSION

This Court should follow the principles established by the Restatement (Second) of Torts and the foregoing cases to allow the introduction of evidence of Mrs. Leahy-Herr's remarriage to Brian Herr.  The integrity of the Court would be jeopardized by allowing the Plaintiff to offer evidence of her pecuniary loss of support or that she is currently "unemployed" rather than a married housewife.  Furthermore, the jury should be introduced to all relevant evidence of damages.   If Plaintiff Susan Leahy-Herr is to be awarded damages for loss of support, society and comfort, the jury should be able to make a determination as to what those damages were and what future damages are likely to be, not what they could have potentially been.

DATED this 15TH day of March, 2013.

THE COBEAGA LAW FIRM

/s/ J. Mitchell Cobeaga
J. MITCHELL COBEAGA, ESQ.
Nevada Bar No. 0177
550 E. Charleston Blvd., Suite D
Las Vegas, NV 89104
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2013, I caused to be served a true and correct copy of the foregoing Defendants' Opposition to Plaintiffs' Motion in Limine No. 4 to Preclude Any Reference To Plaintiff Susie Leahy's Remarriage by electronic service (via Case Management/Electronic Case Filing). Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Patrick E. Bailey, Esq.
Keith A. LOVENDOSKY, ESQ.
BAILEY & PARTNERS
2800 28th Street, Suite 200
Santa Monica, CA 90404-6203
Fax: (310) 392-8091

James L. Pocrass, Esq.
JAMES L. POCRASS LAW CORPORATION
1875 Park East, Suite 1750
Los Angeles, CA 90067
Fax: (310) 550-9051

Jim Oronoz, Esq.
LAW OFFICE OF JIM ORONOZ
815 S. Casino Center Blvd.
Las Vegas, NV 89101
Fax: (702) 474-1320

/s/ Dawn Derosa
An Employee of The Cobeaga Law Firm

H:\OPEN CASE FILES\1136.005\MILS\Opps\Opp to mil 4wpd.wpd