# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Susie Leahy, individually and Susie Leahy as guardian ad litem for Rebecca Susan Leahy, a minor, Hannah Joy Leahy, a minor, and William John Leahy, III, a minor,<br><br>    Plaintiffs,<br><br>vs.<br><br>Lone Mountain Aviation, Inc., a corporation,<br><br>    Defendant. | Case No.: 2:10-cv-00082-GMN-PAL<br><br>**ORDER** |

This is a diversity action filed against Defendant Lone Mountain Aviation, Inc. ("Lone Mountain") by the sole surviving heirs of decedent William John Leahy, Jr. – Susie Leahy, individually, and as guardian ad litem for Plaintiffs Rebecca Susan Leahy, Hannah Joy Leahy, and William John Leahy, III, who are minors (collectively, "Plaintiffs"). Before the Court are eleven Motions in Limine (ECF Nos. 68-78) filed by the parties:

1. Defendant's Motion in Limine (ECF No. 68) regarding airworthiness directives.
2. Defendant's Motion in Limine (ECF No. 69) regarding product defect and failure to warn.
3. Defendant's Motion in Limine (ECF No. 70) regarding loss of income.
4. Defendant's Motion in Limine (ECF No. 71) regarding Susan Leahy's remarriage.
5. Defendant's Motion in Limine (ECF No. 72) regarding export certificate of airworthiness.
6. Defendant's Motion in Limine (ECF No. 73) requesting judicial notice.
7. Plaintiffs' Motion in Limine (ECF No. 74) regarding NTSB probable cause determination.
8. Plaintiffs' Motion in Limine (ECF No. 75) regarding life insurance and other settlements.
9. Plaintiffs' Motion in Limine (ECF No. 76) regarding other litigation and claims.
10. Plaintiffs' Motion in Limine (ECF No. 77) regarding Susan Leahy's remarriage.
11. Plaintiffs' Motion in Limine (ECF No. 78) regarding Defendant's expert Jim Johnson.

## I. BACKGROUND

On August 28, 2008, William John Leahy, Jr. was piloting a twin-engine Piper PA-31-350 Navajo Chieftain aircraft from Las Vegas, Nevada, to Palo Alto, California, when it apparently lost power, caught on fire, and crashed shortly after takeoff, resulting in his death. Plaintiffs filed suit in this Court alleging: (1) Negligence Causing Wrongful Death; and (2) Strict Liability for Product Defect and Failure to Warn. (Compl., ECF No. 1.)[1] In its Answer, Defendant Lone Mountain Aviation admitted that it is an aircraft maintenance facility that performed services on the subject aircraft prior to the crash. (ECF No. 15.) Specifically, Lone Mountain changed the oil and filter on the left engine on July 28, 2008, and issued an Export Certificate of Acceptance on August 15, 2008, for export of the plane to South Korea. (Def.'s MIL-MSJ, 3:12-15, ECF Nos. 51, 52.)

## II. DISCUSSION

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for Rule 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence;

---

[1] Plaintiffs also filed suit in the United States District Court for the Southern District of Ohio, *Leahy v. Signature Engines, Inc.*, No. 1:10-cv-00070-SSB-KLL, against Signature Engines, Inc., O&N Aircraft Modifications, Inc., and Avionics, Inc. (Notice of Related Case, ECF No. 64.) The Ohio case was dismissed with prejudice in October 2012, upon notification to the court that the action was settled. Order, Oct. 25, 2012, *Leahy v. Signature Engines, Inc.*, No. 1:10-cv-00070-SSB-KLL (S.D. Ohio Oct. 25, 2012), ECF No. 108.

and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Federal Rule of Evidence 103(c)). *In limine* rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

### A. Defendant's Motion in Limine re: Airworthiness Directives (ECF No. 68)

In its first motion in limine, Defendant requests that the Court "preclude admission of Plaintiffs' proposed trial exhibits 56, 59, 117, and 118 dealing with Airworthiness Directives and Proposed Airworthiness Directives." (MIL re: Airworthiness, 1:20-21, ECF No. 68.) Defendant relies on Rules 104, 401, and 403 of the Federal Rules of Evidence to argue that these exhibits are not relevant and not admissible. (*Id.*) Defendant argues that the exhibits "deal with a coupling between the turbo-charger itself and the turbo-charger exhaust pipe." (*Id.* at 2:16-17.) Defendant claims that "Plaintiffs allege that the cause of the crash was an eroded and damaged left engine exhaust pipe," which "is located substantially down stream from the coupling between the turbo-charger and the exhaust pipe," and that therefore "anything contained in the proposed trial exhibits would not be relevant to the case at hand." (*Id.* at 2:17-21.) Also, Defendant argues that "proposed trial exhibit 59 is a Proposed Airworthiness Directive which is dated February 19, 2010," which "is subsequent to the accident and thus clearly not admissible pursuant to FRE 407." (*Id.* at 2:22-24.)

Plaintiffs oppose the motion by first explaining the exhibits:

> Federal Aviation Regulations Part 39, Airworthiness Directives, defines the authority and responsibility of the Administrator for requiring the necessary corrective action. Airworthiness Directives ("ADs") are the media used to notify aircraft owners and fixed based maintenance operators such as LMA of unsafe conditions and to specify the conditions under which the product should be inspected and repaired so that it may continue to be operated.

(Pls.' Resp. to MIL re: Airworthiness, 2, ECF No. 80.) Plaintiffs add that "[i]n this case, plaintiffs have listed four ADs as evidence that plaintiffs' primary liability expert witness, Douglas Stimpson, intends to utilize with regard to the presentation of his testimony and evidence in this case." (*Id.* at 3.) Plaintiffs oppose Defendant's arguments by pointing out that evidence produced at trial, specifically the testimony of Douglas Stimpson, will demonstrate the appropriate foundation for the admissibility of these exhibits, and that therefore Defendant's motion is without basis. The Court agrees, and will deny Defendant's motion in limine (ECF No. 68). Plaintiffs may offer evidence regarding relevance and to establish a foundation for these exhibits at trial, and Defendant may object at that time.

### B. Defendant's Motion in Limine re: Product Defect (ECF No. 69)

In its second motion in limine, Defendant requests that the Court preclude any evidence relating to Plaintiffs' second cause of action regarding strict product liability and failure to warn. (MIL re: Product Defect, 1:20-21, ECF No. 69.) Defendant relies on Rules 104, 401, 402 and 403 to argue that any evidence Plaintiffs may provide for their second cause of action is irrelevant and inadmissible. (*Id.* at 2:2-3.) In the Complaint, Plaintiffs allege that Defendant "so designed, manufactured, remanufactured, overhauled, modified, altered, repaired, sold or provided instructions or warning for the components, assemblies or systems of the above aircraft so that . . . as a result of said defects," the aircraft piloted by the decedent "lost power, caught fire, and lost control, causing it to crash and proximately causing [his death]." (Compl., 5:¶15, ECF No. 1.)

Plaintiffs oppose the motion with citations to case law, and provide exhibits to support their argument that evidence for their second cause of action is not inadmissible. Here, as with the motion discussed above, the Court finds that Defendant has not met its burden to show that a blanket evidentiary ruling is appropriate as to any and all evidence Plaintiffs may provide as to their second cause of action. Accordingly, the Court will deny the motion.[2]

### C. Defendant's Motion in Limine re: Loss of Income (ECF No. 70)

In the third motion in limine, Defendant requests "a determination from the Court regarding the lack of evidence to support Plaintiffs' loss of income claim" and argues that "Plaintiffs should be precluded from making any reference to or attempting to testify about any loss of income claim." (MIL re: Loss of Income, 2:2-4, 5:16-17, ECF No. 70.) Defendant argues that "Plaintiffs have no evidence to establish what income Mr. Leahy was generating prior to his death," as shown by Susan Leahy's statements during a deposition for the Ohio litigation that she did not have possession of his tax returns, and that "any evidence which Plaintiffs' [sic] may try to elicit on this loss of income claim would be purely speculative." (*Id.* at 5:5-9.)

In opposition, Plaintiffs point out the context and circumstances of Susan Leahy's statements, and argue that "the fact that there are no profit and loss statements or balance sheets relating to his work prior to his death does not mean that the plaintiffs cannot present a claim for economic loss to a jury." (Resp. to MIL re: Loss of Income, 2, ECF No. 83.) Plaintiffs argue that an evidentiary foundation for this claim can be provided without tax returns or statements relating to profit and loss of a financial enterprise. (*Id.* at 3.) Specifically, citing

---

[2] The Court notes that the dispositive motion deadline has expired, and Defendant did not move for summary judgment as to either of Plaintiffs' causes of action. To the extent that Defendant's intent was move for judgment pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, the appropriate procedure is described in that rule.

Rule 602 of the Federal Rules of Evidence and its commentary, Plaintiffs argue that their witnesses, including Susan Leahy, have sufficient knowledge to provide supporting evidence for this claim. (*Id.*) The Court agrees with Plaintiffs that "[t]he lack of tax returns or other specific financial documentation should not deprive the plaintiff the opportunity to first lay a foundation with regard to loss of economic support in a wrongful death matter," (*id.* at 4) and will accordingly deny the motion.

### D. The parties' Motions in Limine re: Susan Leahy's Remarriage (ECF Nos. 71, 77)

Both Plaintiffs and Defendant submitted motions in limine regarding the admissibility of evidence that Susan Leahy remarried. Defendant argues that it should be allowed to argue that Susan Leahy's remarriage limits the damages she is entitled to for "loss of service and support" and for "loss of care, comfort and society" after her husband's death. Defendant bases its argument on the language of section 41.085(4) of Nevada Revised Statutes, which provides:

> The heirs may prove their respective damages in the action . . . and the court or jury may award each person pecuniary damages for the person's grief or sorrow, loss of probable support, companionship, society, comfort and consortium, and damages for pain, suffering or disfigurement of the decedent.

Nev. Rev. Stat. § 41.085(4).

Defendant appears to concede that there is no authority for its arguments in Nevada law, but instead cites to state law in other jurisdictions as persuasive authority to support its arguments that this evidence is admissible and not unfairly prejudicial or likely to confuse the issues pursuant to Rule 403 of the Federal Rules of Evidence.

Plaintiffs oppose this argument with their own motion to preclude such evidence, pointing out that jurisdictions that permit such evidence are the minority view, and arguing that the Court should adopt the majority view with regard to Nevada standards. Plaintiffs argue that "[t]he only reason [Defendant] would want to reference such a fact is with the hope of stimulating a jury to award less damages for economic losses to plaintiff and her children," in violation of Rule 403. (Resp. to MIL re: Susan Leahy's Remarriage, 2, ECF No. 77.)

The Court agrees with Plaintiffs that Rule 403 of the Federal Rules of Evidence supports exclusion of any evidence relating to Plaintiff Susan Leahy's remarriage, even if relevant, because any probative value is outweighed by the danger of unfair prejudice and confusion of the issues. Accordingly, the Court will grant Plaintiffs' motion in limine (ECF No. 77), and will deny Defendant's motion in limine (ECF No. 71).

### E. Defendant's Motion in Limine re: Certificate of Airworthiness (ECF No. 72)

Defendant's fifth motion in limine requests that the Court exclude evidence related to its issuance of the export certificate of airworthiness on August 14, 2008. (ECF No. 72.) Specifically, Defendant requests "to exclude evidence of Kenny Scherado' s signature signing off on Fred Sorenson's Annual Inspection because (1) the evidence has no probative value of Lone Mountain's negligence, (2) any such claim of negligence (only regarding the export certificate) is preempted by FAA regulation, and (3) the evidence creates an impermissibly high likelihood of confusion." (*Id.* at 1:20-24.) Defendant argues that admission of this evidence would "foster false impressions," that "the aircraft remained with Lone Mountain Aviation until August 14" and that "issuance of an Export Certificate of Airworthiness required something other than review of paperwork submitted by other parties." (*Id.*) Defendant cites to *Martin v. Midwest Exp. Holdings*, 555 F.3d 806, 811 (9th Cir. 2009) and FAA regulations to support the proposition that Plaintiffs' tort claims are preempted because the FAA has "pervasively regulated the process for airplane exportation." (*Id.* at 5-6.)

In opposition, Plaintiffs argue that evidence and exhibits they intend to present at trial show Defendant's negligent acts "before the issue of the Export Certificate of Airworthiness came up." (*Id.* at 4.) Plaintiffs argue further that Defendant misrepresents the holding in *Martin* and "conflates field preemption with complete preemption." (Resp. to MIL re: Certificate of Airworthiness, 9, ECF No. 82 (citing *Montalvo v. Spirit Airlines*, 508 F.3d 464, 475-476 (9th Cir. 2007).) The Court agrees, and will deny the motion to the extent that Defendant relies on

its preemption argument. The Court finds further that Defendant has not met its burden to show that this evidence is not relevant, or that it is likely to confuse the issues, and accordingly will not exclude the evidence pursuant to Rules 401 through 403 at this time. Accordingly, the motion will be denied.

F. Defendant's Motion in Limine re: Plaintiffs' Trial Brief in Ohio case (ECF No. 73)

Defendant's final motion in limine requests that the Court take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence, recognizing a trial brief filed by Plaintiffs in the Ohio litigation. (ECF No. 73.)

Rule 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "In a civil case, the court must instruct the jury to accept the noticed fact as conclusive." Fed. R. Evid. 201(f).

Defendant argues that it is not requesting that the Court take judicial notice of the truth of any findings from the previous litigation, only that the brief was filed. (MIL re: Plaintiffs' Trial Brief in Ohio case, 5:9-12, ECF No. 73.) Plaintiffs reiterate the impropriety of admitting the trial brief to show the truth of the statements it contains, and oppose the request by pointing out that any evidence Defendant wishes to present at trial is not properly submitted through judicial notice of their trial brief in the Ohio litigation. (Resp. to MIL re: Plaintiffs' Trial Brief in Ohio case, 3, ECF No. 85.)

Here, the Court finds that although it may take judicial notice of the fact that Plaintiffs filed a trial brief in the Ohio litigation, but recognizes that judicial notice and admission of the brief itself is not necessarily proper, and may confuse the issues and mislead the jury, as prohibited by Rule 403 of the Federal Rules of Evidence. Accordingly, the Court will deny the motion so that if Defendant's wish to admit the trial brief to the jury, the Court may hear further

arguments at the appropriate time.

### G. Plaintiffs' unopposed Motions in Limine (ECF Nos. 74-76)

Defendant has indicated that it does not oppose Plaintiffs' motions in limine, numbers one through three (ECF Nos. 74-76). (Resp. to MIL, ECF Nos. 86-88.) Accordingly, the Court will grant these motions in limine as unopposed.

### H. Plaintiffs' Motion in Limine re: Defendant's Expert Jim Johnson (ECF No. 78)

Plaintiffs' fifth motion in limine requests an order "prohibiting Defendant Lone Mountain Aviation, Inc. from utilizing Jim Johnson as an expert witness in this action." (MIL re: Def.'s Expert Jim Johnson, 2, ECF No. 78.) In the response, Defendant states that it "does not objection to Motion in Limine No. 5 insofar it [sic] applies to any expert testimony or opinions by Jim Johnson." (Resp. to MIL re: Def.'s Expert Jim Johnson, 2:1-2, ECF No. 90.) Accordingly, the Court will grant this motion in limine as unopposed.[3]

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Motion in Limine (ECF No. 68) is **DENIED.**

**IT IS FURTHER ORDERED** that Motion in Limine (ECF No. 69) is **DENIED.**

**IT IS FURTHER ORDERED** that Motion in Limine (ECF No. 70) is **DENIED.**

**IT IS FURTHER ORDERED** that Motion in Limine (ECF No. 71) is **DENIED.**

**IT IS FURTHER ORDERED** that Motion in Limine (ECF No. 72) is **DENIED.**

**IT IS FURTHER ORDERED** that Motion in Limine (ECF No. 73) is **DENIED.**

**IT IS FURTHER ORDERED** that Motion in Limine (ECF No. 74) is **GRANTED** as

---

[3] Defendant adds that it "reserves the right to call Mr. Johnson, if necessary, to testify as to his observations and the conduct of the inspection of various aircraft components," which "will not include any expert opinions, just observations and first hand [sic] knowledge obtained by Mr. Johnson." (Resp. to MIL re: Def.'s Expert Jim Johnson, 2:2-5, ECF No. 90.) To the extent that Plaintiffs wish to object to this evidence or testimony, the Court recognizes that Plaintiffs may do so at trial.

1  unopposed.

2  **IT IS FURTHER ORDERED** that Motion in Limine (ECF No. 75) is **GRANTED** as
3  unopposed.

4  **IT IS FURTHER ORDERED** that Motion in Limine (ECF No. 76) is **GRANTED** as
5  unopposed.

6  **IT IS FURTHER ORDERED** that Motion in Limine (ECF No. 77) is **GRANTED.**

7  **IT IS FURTHER ORDERED** that Motion in Limine (ECF No. 78) is **GRANTED** as
8  unopposed.

**DATED** this 29th day of April, 2013.

_____
Gloria M. Navarro
United States District Judge